UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
INNOCOR, INC.                          :
                                       :
             Plaintiff,                :
        v.                             :   Civil Action No. 3:16-cv-04844-BRM-DEA
                                       :
                                       :
SINOMAX USA, INC. and ANN ELLIS,       :
                                       :   **OPINION**
             Defendants.               :
_____:

**MARTINOTTI, U.S.D.J.**

Before this court is Plaintiff Innocor, Inc.'s (hereinafter referred to as "Innocor") Motion for a Preliminary Injunction. This matter was filed in Superior Court, Chancery Division, Monmouth County, on August 5, 2016, as an application for a temporary restraining order that was to be heard on August 11, 2016. Prior to the hearing, on August 9, 2016, Defendants Sinomax, Inc. and Ann Ellis (hereinafter collectively referred to as "Defendants" and individually as "Sinomax" and "Ellis," respectively), filed a Notice of Removal on the basis of diversity. On August 11, 2016, this Court held a phone conference at which it declined to enter an injunction and set forth a briefing schedule on the issue of whether the Non-Competition and Non-Disclosure Agreement ("NCND") between Innocor and Ellis was still in effect following Innocor's predecessor's bankruptcy. Upon reviewing the papers submitted by the parties, and the court having heard oral argument on August 23, 2016, for the reasons set forth on the record, Innocor's application is **DENIED**. This opinion supplements the Order and oral opinion of August 23, 2016.

**I. BACKGROUND**

Innocor seeks an injunction enjoining and prohibiting Ellis from: (1) working for any company that competes with Innocor, including Sinomax, for one year; (2) communicating with or soliciting any of Innocor's clients; and (3) disclosing or using any of Innocor's confidential, proprietary information and trade secrets, and requiring that Ellis destroy same. Innocor further seeks an injunction enjoining and prohibiting Sinomax from: (1) employing Ellis for a period of one year; and (2) using any of Innocor's confidential, proprietary information and trade secrets, and requiring that Sinomax destroy same.

Innocor argues Ellis is bound by the NCND. Innocor acknowledges that its predecessor, Sleep Innovations ("SI"), rejected various employment agreements, including Ellis's, in a February 23, 2009, bankruptcy order. However, Innocor contends this rejection did not reject the separate NCND and only terminated Ellis's Employment Agreement ("EA"). In support of this argument, Innocor points out that the NCND and the EA each had separate consideration. Specifically, Innocor contends the NCND was supported by Ellis's broader at-will employment, meaning she was bound by the NCND regardless of any change in job title, compensation, or benefits. In comparison, the EA was supported by Ellis's specific position and benefits. Finally, Innocor argues the NCND could not have been rejected in the February bankruptcy Order because the NCND is not an executory agreement eligible for rejection. Innocor also notes that the agreements are governed by laws of different states.

Defendants argue the signed EA and NCND are tied together and the NCND was incorporated into and dependent on the signed EA therefore both agreements were terminated by the bankruptcy court's February Order. In support of this argument, Defendants state that, following the bankruptcy proceedings, Innocor provided all employees with new non-compete

agreements in addition to new EAs, both of which Ellis refused to sign. In further support, Defendants provide declarations from three former employees of Innocor stating they believed the original EA and NCND were terminated by the bankruptcy action.

## II. LEGAL STANDARD

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Ferring*, 765 F.3d at 210 (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant bears the burden of showing that these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Ferring*, 765 F.3d at 210.

## III. DECISION

The parties dispute the validity of the NCND[1] and therefore dispute whether Innocor can succeed on the merits. Section 365 of the Bankruptcy Code permits a debtor to reject executory contracts. 11 U.S.C. §365(a). The parties do not dispute whether the EA was rejected, but dispute whether the rejection of the EA encompassed a rejection of the NCND.

---

[1] Restrictive covenants in employment agreements and non-compete agreements are valid and enforceable under New Jersey law so long as they are reasonable. *Solari Indus., Inc. v. Malady*, 55 N.J. 571, 576 (1970). "New Jersey courts have thus far generally adhered to the notion that an unreasonably broad . . . [restrictive covenant] provision is void per se." *Id.* at 583. Though defendants content the restrictive covenant runs afoul of the law, the court need not address the substantive validity of the NCND. Rather, the Court must only determine whether injunctive relief is appropriate. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014).

3

Innocor, having the burden to prove its likelihood to succeed on the merits, fails to demonstrate this factor. Based upon a reading of the parties' papers and oral argument, the Court is not persuaded by Innocor's argument that the law is well-settled in its favor. Innocor concedes the case law it cites is not directly on point, and no party was able to provide this Court with a dispositive case. Accordingly, Innocor has not demonstrated a substantial likelihood that the NCND was valid at the time of Ellis's alleged breach.

Further, Innocor fails to demonstrate the remaining three factors necessary for the Court to grant an injunction.[2] First, Innocor will not suffer irreparable harm absent preliminary relief. Innocor concedes money damages are available. When monetary damages are available, the injury is not considered "irreparable." *A. O. Smith Corp. v. F. T. C.*, 530 F.2d 515, 525 (3d Cir. 1976). Second, the balance of equities does not tip in Innocor's favor because former Innocor employees currently work at Sinomax without incident. On the other hand, if the requested relief were granted, Ms. Ellis would be prohibited from working for Sinomax. This Court provided the parties with an opportunity to find a compromise to this extreme, which they were unable to do. The Court finds the harm to Innocor does not outweigh the harm to the Defendants. Therefore, the balance of equities does not tip in Innocor's favor. *See Delaware River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 924 (3d Cir. 1974). Finally, an injunction is not in the public interest, although this factor need not be weighed as strongly as the others. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427, n. 8 (3d Cir. 1994); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 208 (3d Cir. 1990); *Morton v. Beyer*, 822 F.2d 364, 367 & n. 3 (3d Cir.1987); *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir.1975). Indeed, Innocor's former employers already

---

[2] The Court notes that Innocor's failure to show a likelihood to succeed on the merits provides the Court with sufficient reason to deny the motion, as Innocor needs to demonstrate all factors for the motion to be granted. *Ferring*, 765 F.3d at 210.

work for Sinomax without incident, therefore, the market will not be affected by Ellis's continued employment.

## IV. CONCLUSION

A preliminary injunction is an extraordinary remedy to be used in limited circumstances, and the Court does not find that Innocor has met its burden to demonstrate all four factors weigh in favor of an injunction. Accordingly, Innocor's motion is **DENIED**.

/s/ Brian R. Martinotti
BRIAN R. MARTINOTTI, U.S.D.J.

Dated:  August 25, 2016